UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

YOLANDA RODRIGUEZ,

        Plaintiff,

    v.                                      23-CV-87-LJV
                                              ORDER

BUFFALO MUNICIPAL HOUSING
AUTHORITY,

        Defendant.
_____

On January 23, 2023, the plaintiff, Yolanda Rodriguez, commenced this action against the defendant, Buffalo Municipal Housing Authority ("BMHA").  Docket Item 1.  Rodriguez alleges that BMHA discriminated against her because of her sex, race, and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"); and the New York State Human Rights Law ("NYSHRL").  *Id.*  She also alleges that BMHA subjected her to a hostile work environment and retaliated against her in violation of Title VII, the ADA, and the NYSHRL.  *Id.*

On April 17, 2023, BMHA moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  Docket Item 9.  Rodriguez requested an extension of time to respond to the motion to dismiss until May 31, 2023, Docket Item 10, which this Court granted, Docket Item 11.  On the day of the deadline, Rodriguez filed an amended complaint.  Docket Item 12.  Two weeks later, BMHA filed a second memorandum of law in support of its motion to dismiss.  Docket Item 13.  Rodriguez did not otherwise respond to BMHA's motion.

BMHA argues that Rodriguez's amended complaint was filed late, *see id.* at 4-9, and this Court agrees.  Under Federal Rule of Civil Procedure 15, a plaintiff "may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b)."  Fed. R. Civ. P. 15(a)(1)(B).  After that, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Here, the deadline for Rodriguez to amend her complaint without seeking permission was May 8, 2023—21 days after BMHA moved to dismiss under Rule 12(b)(6).  But Rodriguez did not file her amended complaint until May 31, 2023, an additional 23 days after that deadline.  Docket Item 12.  Nor did she obtain leave of the Court or permission from BMHA to amend her complaint.

Rodriguez did request, and receive, an extension of her time to respond to the motion to dismiss.  *See* Docket Items 10 and 11.  But that did not extend her time to amend her complaint.  *See Caro v. Weintraub*, 2010 WL 4514273, at *8 (D. Conn. Nov. 2, 2010), *adhered to on reconsideration*, 2011 WL 13234162 (D. Conn. Feb. 14, 2011) (holding that the plaintiff could "only amend his complaint with 'the court's leave' pursuant to Federal Rule of Civil Procedure 15(a)(2)" where the Court's extension order "only addressed the response to the motion to dismiss, not any amended pleadings [the p]laintiff might seek to file").  And Rodriguez did not ask for, nor did this Court order, an extension of her time to amend her complaint.

Nonetheless, because Rodriguez may have mistakenly assumed that the Court's order extended her time to amend her complaint, this Court will, in its discretion, grant her leave to amend her complaint *nunc pro tunc*.  *See Lamoureux v. AnazaoHealth*

*Corp.*, 250 F.R.D. 100, 103 (D. Conn. 2008) (granting leave to amend "*nunc pro tunc* . . . in the exercise of [the court's] sound discretion"). Accordingly, Rodriguez's amended complaint, Docket Item 12, is now the operative pleading.

The Court will construe BMHA's motion to dismiss, Docket Item 9—supplemented by its subsequent brief, Docket Item 13—as applying to Rodriguez's amended complaint. Rodriguez shall respond to the motion to dismiss, and BMHA will have the opportunity to reply, as directed below.

Therefore, it is hereby

ORDERED that on or before **February 20, 2024**, Rodriguez shall respond to BMHA's motion to dismiss; and it is further

ORDERED that on or before **March 5, 2024**, BMHA shall reply in support of its motion to dismiss.

SO ORDERED.

Dated:   February 5, 2024
         Buffalo, New York

                                          /s/ Lawrence J. Vilardo
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE