UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

YOLANDA RODRIGUEZ,

        Plaintiff,

    v.                                      23-CV-87-LJV
                                                DECISION & ORDER

BUFFALO MUNICIPAL HOUSING
AUTHORITY,

        Defendant.
_____

On January 27, 2023, the plaintiff, Yolanda Rodriguez, commenced this action against the defendant, Buffalo Municipal Housing Authority ("BMHA"). Docket Item 1. Rodriguez alleged that BMHA discriminated against her because of her sex, race, and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"); and the New York State Human Rights Law ("NYSHRL"). *Id.* She also alleged that BMHA retaliated against her in violation of the same statutes and subjected her to a hostile work environment. *Id.* Rodriguez subsequently amended her complaint. Docket Item 12.

On August 19, 2024, this Court granted in part and denied in part BMHA's motion to dismiss the amended complaint. Docket Item 19. Three weeks later, BMHA answered, Docket Item 21, and moved to strike a number of paragraphs from the amended complaint, Docket Item 20. Rodriguez responded to the motion to strike. Docket Item 22. BMHA did not reply, and the time to do so has passed. *See* Loc. R. Civ. P. 7(b)(2)(B). For the reasons that follow, this Court grants in part and denies in part BMHA's motion.

## **LEGAL PRINCIPLES**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  But "[s]triking a portion of pleadings is 'a drastic remedy and is therefore disfavored.'"  *Kidder v. Hanes*, 2023 WL 2992032, at *5 (W.D.N.Y. Apr. 18, 2023) (quoting *VNB Realty, Inc. v. Bank of AM. Corp.*, 2013 WL 5179197, at *2 (S.D.N.Y. Sept. 16, 2013)).  Indeed, the Second Circuit has cautioned that "courts should not tamper with the pleadings unless there is a strong reason for so doing."  *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (citations omitted).  Thus, a motion to strike under Rule 12(f) "should be denied unless the challenged allegations have no possible relation or logical connection to the subject of the litigation and may cause some form of significant prejudice to one or more of the parties."  *Kidder*, 2023 WL 2992032, at *5 (internal citation and quotation marks omitted).

## **DISCUSSION**[1]

BMHA moves to dismiss "paragraphs 13, 14, 22, 23, 26, 35, 39, 51, 52, 53, 56, 58, 59, 60, 61, 63, 65, 66, 67, 70, 74, 76, 77, 78, 79, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, and 103 of [the] amended complaint . . . because they are immaterial and impertinent."  Docket Item 20-2 at 3.  More specifically, BHMA argues that these

---

[1] The Court assumes the reader's familiarity with the facts alleged in the amended complaint, Docket Item 12, and will refer to them only as necessary to explain its decision.

paragraphs relate to Rodrigeuz's first, fifth, sixth, and seventh causes of action, which this Court has dismissed.  *Id.* at 4.

Rodriguez does not object to this Court's striking paragraphs 26 and 56, which Rodriguez inadvertently left blank, and paragraphs 76-79 and 92-103, which are the enumerated causes of action that this Court dismissed.  Docket Item 22 at 6, 8, 11.  This Court agrees that it is appropriate to strike those paragraphs under Rule 12(f).

With respect to paragraphs 58 and 59, Rodriguez concedes that these paragraphs are "now moot" in light of this Court's dismissal of some of her claims, but she "assert[s] that these facts may be relevant for determining emotional distress at a later time."  *Id.* at 8.  This Court agrees that these paragraphs include allegations that may be relevant to Rodriguez's damages claim based on emotional distress and that BHMA therefore has not established that there is "no evidence in support of the allegation [that] would be admissible."  *See Lipsky*, 551 F.2d at 893.  Thus, BMHA's motion is denied as to paragraphs 58 and 59.

Rodrigeuz opposes the motion to strike the remaining paragraphs, arguing that they relate to her remaining causes of action and do not meet the standard set out in *Lipsky*.  *See* Docket Item 22 at 4-11; *see Lipsky*, 551 F.2d at 893.  This Court has carefully reviewed those paragraphs and agrees with Rodriguez that they are related to her claims.[2]  Thus, this Court denies BMHA's motion to strike those paragraphs.

---

[2] This determination is made without prejudice to BMHA's later making arguments about the admissibility of evidence in support of these allegations.

**CONCLUSION**

For the reasons stated above, this Court GRANTS IN PART and DENIES IN PART BMHA's motion to strike. Docket Item 20. More specifically, this Court GRANTS the motion with respect to paragraphs 26, 56, 76-79, and 92-103, and those paragraphs are STRICKEN; the Court DENIES the motion with respect to the remaining paragraphs.

SO ORDERED.

Dated:  October 9, 2024
         Buffalo, New York

　　　　　　　　　　　　　　　　　　　　 /s/ Lawrence J. Vilardo
　　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE